(C. D. 290)

W. X. Huber Co. *v.* United States

United States Customs Court, Third Division

(Decided March 6, 1940)

*Philip Stein* for the plaintiff.

*Webster J. Oliver,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover a portion of the duty assessed upon two earthenware plaques imported at the port of Los Angeles. The collector classified the articles under paragraph 211 of the Tariff Act of 1930 and assessed duty thereon at the rate of 50 per centum ad valorem plus 10 cents per dozen pieces. The plaintiff claims that the articles are copies of works of art and are dutiable at 20 per centum ad valorem under paragraph 1547 of said act. The protest contains a further claim that the merchandise is dutiable at 20 per centum ad valorem under paragraph 1558. The pertinent parts of the tariff provisions involved read as follows:

PAR. 211. Earthenware and crockery ware composed of a nonvitrified absorbent body, including white granite and semiporcelain earthenware, and cream-colored ware, terra cotta, and stoneware, including * * * plaques * * * painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 10 cents per dozen pieces and 50 per centum ad valorem.

PAR. 1547. (a) Works of art, including (1) paintings in oil or water colors, pastels, pen and ink drawings, and copies, replicas, or reproductions of any of the same * * * all the foregoing, not specially provided for, 20 per centum ad valorem.

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

At the trial the plaintiff called the importer as a witness, Mr. August A. Rubel, who testified that he purchased the two plaques in the city of Delft, Holland, after seeing them on exhibition in the exhibit room; that he saw similar articles made in the plant; that a painting was made on a soft, breakable, brownish biscuit by means of a small brush, using a secret watery solution, after which the article was fired in a kiln which resulted in a finished product; that the painting was done freehand; that the paintings on the plaques herein involved represent Rembrandt's "Russian Officer" and Frans Hals' "Laughing Cavalier"; that he had seen the original Rembrandt painting "Russian Officer" in the Edward Rothschild collection in France and the original Frans Hals' painting "Laughing Cavalier" in the Wallace collection in

London, England. The witness produced a book—Volume I, Rembrandt, by Emile Michel—which contained on page 216 a photograph of the painting "Russian Officer." He stated that a picture of the original "Laughing Cavalier" is described in the eleventh edition of Encyclopaedia Britannica, volume 12, on page 866. The witness testified further that the plaques are now framed and he uses them for decorative purposes in his home. On cross-examination he testified that he did not know the name of the person who executed the paintings on the plaques and that he did not know the ingredients of the substance which was used to produce the paintings; that it was not oil but it looked like thin drawing ink.

The two plaques involved were offered in evidence and marked Exhibits 1 and 2 but, as they were quite fragile, they were withdrawn.

Counsel for the plaintiff contends in his brief that the plaques are dutiable under paragraph 1547 (a), above quoted, as copies of paintings.

Counsel for the defendant contends that the plaques are provided for *eo nomine* in paragraph 211, as "Earthenware * * * plaques * * * painted" and that provision should take precedence over any other classification. He argues further that the plaintiff did not make out a *prima facie* case because no testimony was introduced tending to show that the articles in question are works of art.

The contention of counsel for the defendant that the provision for "Earthenware * * * plaques * * * painted" controls the classification is sound as compared with the provision for nonenumerated manufactured articles in paragraph 1558. However, when compared with the provision for "paintings," the question as to the relative specificity of the provisions was settled in *Wells Fargo & Co.* v. *United States*, 8 Ct. Cust. Appls. 125, T. D. 37266. The court held in that case that earthenware plaques having original paintings thereon in mineral colors were free of duty as "original paintings" under paragraph 652 of the Tariff Act of 1913 rather than dutiable as "earthenware plaques, painted" under paragraph 79, as classified by the collector.

An examination of paragraph 1547 (a) indicates that the plaintiff has the burden of proving (1) that the imported articles are works of art and (2) that, if copies, they are copies of works of art. *United States* v. *John Wanamaker*, 19 C. C. P. A. 229, T. D. 45336.

No attempt was made to show that the imported articles were works of art. In fact, the importer, who testified in his own behalf, did not state qualifications which would enable him to testify as an expert on that subject.

Plaintiff's proof that the imported plaques are copies of paintings, within the meaning of the provisions of paragraph 1547 (a), is defective. Testimony that an imported article contains the same figures and scenes that are contained in a painting is not sufficient to establish

that the article is a copy of that painting within judicial decision. In the case of *United States* v. *Columbo Co.*, 21 C. C. P. A. 177, T. D. 46510, the court held that a picture copied in mosaic from Raphael's oil painting "La Disputa," which is painted on the walls of one of the chapels of the Vatican at Rome, was not a copy of a painting within the provision therefor in paragraph 1547 (a). The court said:

> Furthermore, paragraph 1547 (a) uses the phrase "copies, replicas, or reproductions of any of the same." We think that the word "copies," as used in said paragraph, has a broader meaning than either of the words "replicas" or "reproductions," but nevertheless the word "copy" must be construed according to its common meaning.
>
> Funk & Wagnalls' New Standard Dictionary defines a copy as—
>
> a reproduction or imitation, as of a writing, printing, drawing, painting, or other work of art, so as to have another or others similar to the original.
>
> Webster's New International Dictionary defines a copy as—
>
> an imitation, transcript, or reproduction of an original work.
>
> We do not think that the mosaic representation of the painting "La Disputa" can be said to be a copy of the same within any of said dictionary definitions.

We are of opinion that the plaintiff failed to establish that the imported plaques are provided for in paragraph 1547 (a). The evidence does not show that they are "works of art," provided for in the paragraph, or that they are within the common meaning of the word "copies," as defined by the appellate court. We hold that the articles were properly classified by the collector. The protest is overruled. Judgment will be entered in favor of the defendant.